IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:

| | | |
|---|---|---|
| KIM LINDSAY, | : | CHAPTER 13 |
| | : | |
| Debtor. | : | BANKRUPTCY NO. 16-12863-elf |

**MEMORANDUM OF LAW IN SUPPORT OF DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 5 FILED BY U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR PENNSYLVANIA HOUSING FINANCE AGENCY**

**I. STATEMENT OF THE CASE**

The Debtor filed an Objection to the Proof of Claim No. 5 filed by U.S. Bank National Association as Trustee for Pennsylvania Housing Finance Agency in this bankruptcy case. A hearing on the Objection was scheduled and held before the Honorable Eric L. Frank on February 28, 2017. Counsel for the Debtor appeared, but no one appeared on behalf of the Pennsylvania Housing Finance Agency ("PHFA"), or U.S. Bank National Association, the purported Trustee for PHFA. Therefore, Debtor made an offer of proof and the Objection to Proof of Claim No. 5 was taken under advisement.

The Debtor had acknowledged that she owes 21 months of pre-petition arrears at the regular monthly payment of $670.04,[1] or a total of $14,070.84 (which includes the escrow portion of the monthly payment, thereby making it unnecessary for the Court to consider the separate item included in the Proof of Claim for "Escrow deficiency for funds advanced" in the amount of $5,042.84). She also conceded that PHFA was entitled to its pre-petition out of pocket costs for the state foreclosure action, plus reasonable attorneys' fees (assuming they are otherwise allowable). However, the Debtor contended that the $6,748.72 in "Prepetition fees due" is excessive and should be reduced by the Court to the amount of costs that can be determined by reference to the Philadelphia Court of Common Pleas Office of Judicial Records

---

[1] The attachment to PHFA's Proof of Claim indicates that the "contractual" monthly mortgage payment is $649.00, while the Debtor has acknowledged that her pre-petition regular monthly mortgage payment was actually higher, $670.04. PHFA has also indicated in Part 4 of the Mortgage Proof of Claim Attachment that the post-petition monthly mortgage payment is $701.00, but the latter figure is not at issue in determining the allowed secured claim for pre-petition arrears.

Fee Schedule, plus reasonable attorney's fees (assuming they are otherwise allowable).

The Debtor asked the Court to take judicial notice of both the Court of Common Pleas Office of Judicial Records Fee Schedule (http://www.courts.phila.gov/pdf/prothyfees.pdf; *see* Exhibit "A") and the docket for the foreclosure action, *U.S. Bank National Association, et al. v. Lindsay*, Philadelphia Court of Common Pleas No. 150502492 (the latter available at http://fjdefile.phila.gov/efsfjd/zk_fjd_public_qry_00.zp_disclaimer; *see* Exhibit "B"). The Debtor also objected to the total debt claim of PHFA, which she contends can be determined from the Philadelphia Court of Common Pleas docket in *U.S. Bank National Association, et al. v. Lindsay*. The Court may also take judicial notice of Proof of Claim No. 5 with attachment, although the Debtor does not recall specifically requesting that the Court do so (*see* Exhibit "C").

## II. ARGUMENT.

Debtor believes that the Court should allow Claim No. 5 filed by US Bank National Association as Trustee for Pennsylvania Housing Finance Agency as a secured arrearage claim in the amount of $14,399.32, which is the total of the conceded arrears of $14,070.84 plus the filing fee for the complaint in mortgage foreclosure, $328.48. Although other fees may have been incurred, they are not separately identified in the Proof of Claim, and therefore should not be estimated by the Court unless there is a reliable basis upon which to make such estimates.

Debtor believes that the Court should allow Claim No. 5 as a secured total debt claim in the amount of $114,508.10, which is the total of the judgment entered in *U.S. Bank National Association, et al. v. Lindsay* on March 23, 2016, $113,418.20 plus post-judgment, pre-petition interest at the 5.75% contract rate in the amount of $1,089.90 (*see* ¶23 of the Mortgage).

The two issues involved in determining the allowed amount of the PHFA secured arrearage claim are: (1) whether or not escrow should be allowed as a separate item in the allowed claim or rather as a part of the regular monthly mortgage payment times the number of

months of arrears, and (2) what amount, if any, should be allowed in addition to the missed pre-petition payments for "Prepetition fees due".

With respect to the first issue, the Debtor believes that the proper way, and the only way on the record in this matter, to determine the escrow portion of the arrears claim is to simply include it together with the principal and interest due for the number of months of missed pre-petition payments. That is, the Court should simply find the arrears related to missed payments to be the number of missed payments times the number of months for which the payments were missed. There is no basis in the record in this matter for the Court to determine pre-petition arrears by separate reference to the principal and interest plus "Escrow deficiency for funds advanced" as sought by PHFA in its Proof of Claim. There is no reasonable way for the Court to determine what is included in PHFA's request for allowance of the "Principal & interest due" of $10,195.08 or the "Escrow deficiency for funds advanced" of $5,042.84. However, the Court can easily determine pre-petition arrears by multiplying the number of missed pre-petition monthly mortgage payments (21) times the regular monthly mortgage payment amount ($670.04), resulting in a total pre-petition arrearage for missed payments in the amount of $14,070.84.

With respect to the amount that should be allowed for "Prepetition fees due", the Debtor has agreed that PHFA should receive the amount of costs that can be determined directly from the Proof of Claim and available Court of Common Pleas information readily available online, which the Debtor requested the Court to take judicial notice. Unfortunately for PHFA, none of the entries provides itemization of which are for attorneys' fees, which are for costs, which may be for other charged items, and which are for a combination of the foregoing entries. Instead, there are large entries in column K identified as "Cash disbursements from corp advance", that

do not distinguish attorneys' fees or costs individually. As such, the only fee the Court can determine conclusively with reference to the available record is the cost of the filing fee for the mortgage foreclosure action, $328.48, which is specified on the Court of Common Pleas Office of Judicial Records Fee Schedule. There may be other recoverable costs included in the entries for "Cash disbursements from corp advance", but the Court should not allow any amount for such costs since they cannot be determined from the documents available in the record.

The Court could also allow attorneys' fees that are reasonable, actually incurred, and provided for in the mortgage loan documents, but perhaps only to the extent that the claim is oversecured. *In re Gordon-Brown*, 340 B.R. 751 (Bankr. E.D. Pa., 2006).

> [I]t would appear that state law (as suggested in *Smith*) governs the allowance of attorney's fees for prepetition services in a proof of claim for mortgage arrears for mortgage transactions after October 22, 1994, while §506(b) governs the allowance for pre-October 22, 1994 transactions.
>
> Under section 506(b), attorney's fees may be allowed if three elements are satisfied: (1) the claim is an oversecured, allowed secured claim; (2) the fees are reasonable; and (3) the fees are provided for under the agreement between the parties or by statute. 4 Collier on Bankruptcy ¶ 506.04[3], at 506-113 (15th rev. ed. 2005); *accord, e.g., In re Olick*, 221 B.R. 146 (Bankr.E.D.Pa. 1998); *In re West Chestnut Realty of Haverford, Inc.*, 186 B.R. 612 (Bankr.E.D.Pa. 1995).

Id. at 757. If reasonable attorneys' fees are permitted in this case,

> [T]he appropriate methodology for determining a reasonable counsel fee in the bankruptcy claims allowance process is the "lodestar" method employed in *Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp.,* 487 F.2d 161 (3d Cir.1973), *appeal following remand,* 540 F.2d 102 (3d Cir.1976).

*Id.* at 755. In Gordon-Brown, the Court left open the question of whether the allowance of any attorneys' fees at all is dependent upon whether or not the claim is oversecured:

> The courts in *Olick* and *West Chestnut Rea*lty also stated that the requested attorney's fees under §506(b) must also be allowable under state law. Courts

> differ as to whether, under §506(b), state law or federal law is applicable to the determination whether an oversecured creditor's contractual entitlement to shift fees is enforceable. *See* 4 Collier on Bankruptcy ¶ 506.04[3][a] (15th rev. ed.2005). That issue is not presented in this case. Nor am I confronted in this case with the issue whether an undersecured creditor is entitled to counsel fees for prepetition services by virtue of § 1322(e), notwithstanding the § 506(b) requirement that the a claim must be oversecured before counsel fee may be allowed.

*Id.* at 757, fn.12. Debtor believes the Court should not allow attorneys' fees because the claim is undersecured (*see* Debtor's Schedule D, marked as Exhibit "D", of which the Court can take judicial notice; *see In re Scholl*, 1998 WL 546607 (Bankr.E.D.Pa.1998)). *Id.* at 753, fn.2.

Especially without any record to the contrary on behalf of PHFA, ff the Court determines that attorneys' fees should be allowed as part of PHFA's secured arrearage claim, the Court should allow at most $700.00 under the circumstances, using the traditional lodestar analysis. *Id.* at 759, 761.

### III. CONCLUSION.

For the reasons set forth above, the Debtor requests that the Court enter an Order allowing Claim No. 5 filed by U.S. Bank National Association as Trustee for Pennsylvania Housing Finance Agency as a secured arrearage claim in the amount of $14,399.32, and as a secured total debt claim of $114,508.10.

Respectfully submitted,
REGIONAL BANKRUPTCY CENTER OF
SOUTHEASTERN PA, P.C., by:

Roger V. Ashodian
Attorney ID #42586
101 West Chester Pike, Suite 1A
Havertown, PA  19083
(610) 446-6800

Attorney for Debtor/Objector