United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                  Case No. 16-12863-elf
Kim Lindsay                                                             Chapter 13
      Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2     User: PaulP     Page 1 of 1     Date Rcvd: Apr 12, 2017
                   Form ID: pdf900     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 14, 2017.
db          +Kim Lindsay,    1432 North 60th Street,    Philadelphia, PA 19151-4203

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                          TOTAL: 0

         ***** BYPASSED RECIPIENTS *****
NONE.                                                                           TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 14, 2017                                        Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 12, 2017 at the address(es) listed below:
       DENISE ELIZABETH CARLON    on behalf of Creditor    US BANK NATIONAL ASSOCIATION AS TRUSTEE FOR PENNSYLVANIA HOUSING FINANCE AGENCY bkgroup@kmllawgroup.com
       JOSHUA ISAAC GOLDMAN    on behalf of Creditor    US BANK NATIONAL ASSOCIATION AS TRUSTEE FOR PENNSYLVANIA HOUSING FINANCE AGENCY bkgroup@kmllawgroup.com, bkgroup@kmllawgroup.com
       LEON P. HALLER    on behalf of Creditor    US BANK NATIONAL ASSOCIATION AS TRUSTEE FOR PENNSYLVANIA HOUSING FINANCE AGENCY lhaller@pkh.com, dmaurer@pkh.com
       ROBERT MITCHELL MORRIS    on behalf of Creditor    Freedom Credit Union mail@morrisadelman.com
       ROGER V. ASHODIAN    on behalf of Debtor Kim   Lindsay ecf@schollashodian.com
       THOMAS I. PULEO    on behalf of Creditor    US BANK NATIONAL ASSOCIATION AS TRUSTEE FOR PENNSYLVANIA HOUSING FINANCE AGENCY tpuleo@kmllawgroup.com, bkgroup@kmllawgroup.com
       United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
       WILLIAM C. MILLER    on behalf of Trustee WILLIAM C. MILLER ecfemails@ph13trustee.com, philaecf@gmail.com
       WILLIAM C. MILLER    ecfemails@ph13trustee.com, philaecf@gmail.com
                                                                            TOTAL: 9

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE:   KIM LINDSAY, | : | Chapter 13 |
| | : | |
| Debtor | : | Bky. No. 16-12863 ELF |
| | : | |

# O R D E R

**AND NOW,** upon consideration of the Debtor's Objection ("the Objection") to Proof of Claim No. 5 (Doc. # 44), which was filed by U.S. Bank, N.A., as Trustee for Pennsylvania House Finance Agency ("the Claimant");

**AND**, after a hearing held on **February 28, 2017**, at which the Debtor appeared and the Claimant did not appear;

**AND**, upon consideration of the Debtor's Memorandum of Law filed in support of the Objection, filed after the hearing, (Doc. # 54);

**AND**, for the reasons stated herein;

It is hereby **ORDERED** and **DETERMINED** that:

1. The Objection is **SUSTAINED IN PART and OVERRULED IN PART**.

2. Claim No. 5 is **DISALLOWED IN PART** and is **ALLOWED** as a secured claim for prepetition arrears in the amount of **$17,312.76** .[1]

3. The court lacks subject matter jurisdiction to determine the amount of the Claimant's entire claim. and the Objection is **OVERRULED WITHOUT PREJUDICE** insofar as it objects to the amount of the Claimant's entire claim.[2]

Date:  April 12, 2017

ERIC L. FRANK
CHIEF U.S. BANKRUPTCY JUDGE

-1-

# E N D  N O T E S

1.

### A.

The legal principles regarding the parties' respective burdens in connection with an objection to a proof of claim are well established:

> Section 502(a) of the Code provides that a proof of claim "is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). In the face of an objection to a proof of claim . . . if the proof of claim alleges facts sufficient to support the legal liability asserted, the claimant's initial obligation to go forward is satisfied, i.e., the proof of claim itself makes out a prima facie case. The burden of production then shifts to the objector to offer evidence sufficient to negate the prima facie validity of the filed claim.
>
> Fed. R. Bankr. P. 3001(f) also addresses the evidentiary burdens in claims objection litigation. Rule 3001(f) provides: A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim. If a claimant complies with the rules of court, the proof of claim achieves prima facie evidentiary status through Rule 3001(f). In effect, a proof of claim that complies with the rules of court serves as both a pleading and as trial evidence, even in the face of an objection to the claim. It follows that if the claimant's proof of claim satisfies Rule 3001(f), the burden of going forward with evidence contesting the validity or amount of the claim shifts to the objector. To meet this burden, the objector's evidence if believed, [must] refute at least one of the allegations that is essential to the claim's legal sufficiency.
>
> In a claims objection contested matter in which a proof of claim is prima facie valid and the objector meets its burden of production, the ultimate burden of proof remains with the claimant. Thus, once the objector has presented evidence, the claimant may then need to offer additional evidence to carry its burden of persuasion.

In re Henry, 546 B.R. 633, 634–35 (Bankr. E.D. Pa. 2016) (quotations and citations omitted) (emphasis in original).

**B.**

In Claim No. 5, the Claimant asserted that the prepetition arrears on this residential mortgage loan are **$21,982.64**. The Mortgage Attachment to the Proof of Claim (which also includes a loan history) breaks down the claimed arrears as follows:

| | |
|---|---|
| principal and interest | **$10,195.08** |
| escrow deficiency | 5,042.84 |
| prepetition fees | 6,748.72 |
| (funds on hand) | (     4.00) |
| **TOTAL** | **$21,982.64** |

The Mortgage Attachment also states that the monthly mortgage payment for principal and interest is **$485.48** (an amount not disputed by the Debtor). Thus, the Claimant has asserted that the mortgage loan was twenty-one (21) months delinquent as of the commencement of the bankruptcy case (**$10,105.08** in arrears of principal and interest divided by **$484.48**).

The Mortgage Attachment also indicates that the prepetition monthly payment (including escrow) was **$649.00**. Thus, the Debtor's regular, prepetition mortgage payment included **$163.52** for escrow (i.e., taxes and insurance) (**$649.00** minus **$484.480**).

The Debtor asserts in her post-hearing brief that the regular, prepetition monthly mortgage payment actually was higher, **$670.04** per month. If so, the escrow component of the prepetition monthly payments was **$185.56**, which is **$22.04** higher. However, the Debtor offered no evidence in support of her allegation that the prepetition regular monthly mortgage payment was **$670.04**. Consequently, I will accept the Claimant's assertion (in the form of the Mortgage Attachment to its Proof of Claim filed under oath) that the prepetition mortgage

-3-

payment was **$649.00**.

### C.

In her Objection, the Debtor disputes the accuracy of the amounts claimed for the escrow deficiency. The Debtor argues

- "the only way . . . to determine the escrow portion of the arrears is to include it together with the principal and interest due for the number of months of missed prepetition payment," (Debtor's Memorandum at 3) (unpaginated);

- the court should determine the prepetition arrears (for both principal and interest and escrow) "by multiplying the number of missed pre-petition monthly mortgage payments (21) time the regular monthly mortgage payment amount," id.

I disagree.

There is no reason why the delinquency for missed principal and interest payments and escrow payments cannot be considered separately, so long as the amount of the regular monthly mortgage payment attributable to each is known. See https://www.britannica.com/topic/distributive-law (under the distributive law of mathematics $a(b+c) = ab + ac$).

Further, the Debtor's suggestion that the prepetition arrears for principal and interest and escrow is limited to the amount of the missed prepetition mortgage payments is incorrect. It is possible that even if all of the prepetition mortgage payments are made, the amounts paid in for escrow fall short of the escrow disbursements. If, under the loan documents, the lender has the right to demand an immediate payment of such a shortfall, this would give rise to a prepetition claim for arrears.

Here, the most plausible interpretation of the Proof of Claim is that the entire escrow deficiency as of the commencement of the case was **$5,042.84**. This amount would have been reduced by **$3,433.92** (21 times **$163.52**, representing the escrow component of the prepetition regular monthly mortgage payment) had all of the prepetition mortgage payments been made. But, they were not all made; twenty-one (21) payments were missed, which exacerbated the escrow delinquency. There is no double-counting, as the Debtor implies, because the Proof of Claim does not ask for both 21 times the <u>full amount of the prepetition mortgage payment</u> plus the escrow deficiency. The Proof of Claim demands payment of only 21 times the principal and interest component of the prepetition mortgage payment before adding the escrow deficiency. This methodology seems proper.

That said, when a proof of claim employs this methodology, a debtor may still object on the ground that the asserted escrow disbursements are not recoverable under the loan documents or that the calculation of the total amount of the escrow shortfall is inaccurate. But, the Debtor has made no such argument. Nor has the Debtor presented any evidence that the loan history does not support the existence of the asserted **$5,042.84** escrow deficiency. In these circumstances, the Debtor has not met her initial burden of production in challenging the <u>prima facie</u> validity of this component of the Proof of Claim. Therefore, the **$5,042.84** escrow deficiency component will be allowed.

### D.

In her Objection, the Debtor also disputes the accuracy of the **$6,748.72** in "prepetition fees" component of the arrearage claim.

-5-

The Debtor interprets this component of the Proof of Claim as consisting entirely of legal expenses incurred in prepetition mortgage foreclosure proceedings that resulted in the entry of a default judgment against the Debtor in U.S. Bank N.A. v. Lindsay, No. 15-05-02492 (C.P. Phila.). She argues that this component of the claim should be limited to **$328.48**, representing the filing fee for the state court mortgage foreclosure action. Citing In re Gordon-Brown, 340 B.R. 751 (Bankr. E.D. Pa. 2006) and 11 U.S.C. §506(b), she contends that the balance of the **$6,748.72**, which she assumes to be legal fees, should be disallowed.

11 U.S.C. §506(b) provides:

> To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose.

The Debtor contends that the value of the subject mortgaged property is less than the Claimant's claim and therefore, under §506(b), the claim for prepetition legal fees is not allowable.

Initially, I observe that I do not understand why, in making this §506(b) argument, the Debtor has drawn a distinction between prepetition legal costs and prepetition legal fees (arguing that the former is allowable and the latter is not). But, I will accept the Debtor's concession with respect to the legal costs (the foreclosure filing fee).

As for the allowability of the prepetition legal fees, on two (2) independent grounds, I reject the Debtor's contention that all prepetition legal fees should be disallowed.

First, there is nothing in the record that establishes that the underlying claim is undersecured. In support of this contention, the Debtor cites, in her post-hearing brief, her

-6-

bankruptcy Schedule D, and asks that the court take judicial notice of the information therein. (Schedule D states that the mortgage claim is **$113,418.20** and that value of the collateral is **$89,000.00**).

Although the sworn Schedule D is hearsay, in the absence of an objection it could have been admitted into evidence at the hearing on the Objection. However, the Debtor did not seek to introduce Schedule D into evidence at the hearing. It is improper to seek to introduce additional evidence through a post-hearing memorandum and therefore, it is not part of the evidentiary record for deciding the merits of the Objection. See, e.g., In re Atlantic Med. Management Servs., Inc., 387 B.R. 654, 657 n. 1 (Bankr. E.D. Pa. 2008) (striking exhibits attached to post-hearing brief).

Nor is the information in Schedule D the type of factual matter that is subject to judicial notice. The fact that the Debtor stated in a document filed ain this court that her property had a certain value, if relevant, may be a proper subject of judicial notice. But the truth of the underlying assertion itself is not a proper subject of judicial notice. See In re Mahmud, 2008 WL 8099115, at *6 (Bankr. E.D. Pa. Dec. 4, 2008) (citing and quoting Barry Russell, Bankruptcy Evidence Manual §201-5 (2008 ed.)).

Second, the Debtor misreads Gordon-Brown. That decision does point out that, after the Supreme Court's decision in Rake v. Wade, 508 U.S. 464 (1993) but prior to the enactment of 11 U.S.C. §1322(e) in 1994, the allowance of prepetition counsel fees as part of a claim for prepetition mortgage arrears may be subject to the limitations of 11 U.S.C. §506(b). However, §1322(e), enacted post-Rake, states and makes clear that ''the amount necessary to cure the default shall be determined in accordance with the underlying agreement and applicable

-7-

nonbankruptcy law.'' The specific holding in Gordon-Brown is that "state law . . . governs the allowance of attorney's fees for prepetition services in a proof of claim for mortgage arrears for mortgage transactions after October 22, 1994." 340 B.R. at 757.

Here, both the Note and Mortgage (attached to the Proof of Claim) are dated June 3, 2008 and provide for the borrower to pay costs and expenses, including reasonable attorney's fees, after a default and acceleration of the underlying debt. The Debtor does not question that these contractual provisions are enforceable under Pennsylvania law. Accord In re W. Chestnut Realty of Haverford, Inc., 186 B.R. 612, 618 (Bankr. E.D. Pa. 1995) ("Pennsylvania law clearly validates contractual shifting of attorney's fees"). Therefore, to the extent that the "prepetition fees" component of the Proof of Claim is based on the Claimant's prepetition legal expenses, I reject the Debtor's argument that they must be disallowed categorically.

Like the escrow issue, the outcome of the Debtor's objection regarding the "prepetition fees" turns largely on the shifting burdens of production and proof in proof of claim litigation. Analysis of the merits of the objection is hampered by the paucity of the record. Without any testimony explaining the loan history, or other evidence or argument to the contrary, I will accept the Debtor's assumption that these charges are entirely for legal expenses. Further, the Claimant has not come forward with any evidentiary support for the claimed legal expenses in the form of time records or testimony. See generally Gordon-Brown, 340 B.R. at 757-58 (reaffirming use of lodestar methodology in allowing prepetition legal fees as part of a claim for prepetition mortgage arrears).

In these circumstances, I will employ same "holistic" approach used in Gordon-Brown.

-8-

In that case, which also involved a default judgment and a record establishing an entitlement to the allowance of prepetition legal fees in an uncertain amount, I allowed counsel fees of **$700.00** based on the likelihood that a routine, uncontested foreclosure would take 3.5 hours of attorney time at **$200.00** per hour. Id. at 759.

In this case, however, there are reasons to allow a higher fee. First, Gordon-Brown was decided more than ten (10) years ago. At a minimum, the hourly rate employed should be raised. For present purposes, I will use an hourly rate of **$250.00**. Second, the docket entries of the Claimant's foreclosure case (which the Debtor has asked me to consider and which are the proper subject of judicial notice, see, e.g., In re Soto, 221 B.R. 343, 347 (Bankr. E.D.Pa. 1998)), show that the state court case was not a routine, uncontested foreclosure. The dockets reflect that at least one (1) and perhaps more than one (1) conciliation conferences were held pursuant to the state court's alternative dispute resolution procedures. Undoubtedly, counsel for the Claimant expended additional time participating in the conciliation process.

Based on this record, I will allow **$1,750.00** in prepetition legal fees (7 hours at **$250.00**/hour). With the conceded foreclosure filing fee of **$328.48**, this results in the allowance of **$2,078.48** for "prepetition fees."

### E.

Based on the foregoing, prepetition arrears of **$17,312.76** are allowed, calculated as follows:

-9-

|  |  |
|---|---|
| principal and interest | $10,195.08 |
| escrow deficiency | 5,042.84 |
| prepetition fees | 2,078.48 |
| (funds on hand) | (     4.00) |
| **TOTAL** | **$17,312.76** |

**2.**    The Debtor's proposed chapter 13 provides for a cure of the prepetition arrears on the mortgage held by the Claimant pursuant to 11 U.S.C. §1322(b)(5) and I have determined the amount of the prepetition arrears. In these circumstances, no bankruptcy purpose would be served and the court lacks jurisdiction to determine the total amount of the subject debt. See In re Sellers, 555 B.R. 479, 489-90 (Bankr. E.D. Pa. 2016).