United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                  Case No. 16-12863-elf
Kim Lindsay                                                             Chapter 13
      Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2    User: Virginia       Page 1 of 1       Date Rcvd: Jul 24, 2017
                        Form ID: pdf900      Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 26, 2017.
db             +Kim Lindsay,   1432 North 60th Street,   Philadelphia, PA 19151-4203

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                        TOTAL: 0

      ***** BYPASSED RECIPIENTS *****
NONE.                                                                                        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 26, 2017                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 24, 2017 at the address(es) listed below:
    DENISE ELIZABETH CARLON    on behalf of Creditor    US BANK NATIONAL ASSOCIATION AS TRUSTEE FOR PENNSYLVANIA HOUSING FINANCE AGENCY bkgroup@kmllawgroup.com
    JOSHUA ISAAC GOLDMAN    on behalf of Creditor    US BANK NATIONAL ASSOCIATION AS TRUSTEE FOR PENNSYLVANIA HOUSING FINANCE AGENCY bkgroup@kmllawgroup.com, bkgroup@kmllawgroup.com
    LEON P. HALLER    on behalf of Creditor    US BANK NATIONAL ASSOCIATION AS TRUSTEE FOR PENNSYLVANIA HOUSING FINANCE AGENCY lhaller@pkh.com, dmaurer@pkh.com
    MATTEO SAMUEL WEINER    on behalf of Creditor    US BANK NATIONAL ASSOCIATION AS TRUSTEE FOR PENNSYLVANIA HOUSING FINANCE AGENCY bkgroup@kmllawgroup.com
    ROBERT MITCHELL MORRIS    on behalf of Creditor    Freedom Credit Union mail@morrisadelman.com
    ROGER V. ASHODIAN    on behalf of Debtor Kim Lindsay ecf@schollashodian.com
    THOMAS I. PULEO    on behalf of Creditor    US BANK NATIONAL ASSOCIATION AS TRUSTEE FOR PENNSYLVANIA HOUSING FINANCE AGENCY tpuleo@kmllawgroup.com, bkgroup@kmllawgroup.com
    United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
    WILLIAM C. MILLER    on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com, philaecf@gmail.com
    WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com, philaecf@gmail.com
                                                               TOTAL: 10

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kim Lindsay<br>    Debtor | CHAPTER 13 |
| US BANK NATIONAL ASSOCIATION AS TRUSTEE FOR PENNSYLVANIA HOUSING FINANCE AGENCY<br>    Movant<br>vs. | NO. 16-12863 ELF |
| Kim Lindsay<br>    Debtor | 11 U.S.C. Section 362 |
| William C. Miller<br>    Trustee | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$9,683.46,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | June 2016 to June 2017 in the amount of $700.00/month |
| Late Charges: | May 2016 to May 2017 in the amount of $19.42/month |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$10,383.46** |

2. The Debtor shall cure said arrearages in the following manner:

 a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$10,383.46.**

 b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$10,383.46** along with the pre-petition arrears;

 c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due July 1, 2017 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $700.00 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this Stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court, upon which the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3), which the parties hereby agree to waive with respect to any such Order.

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this Stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage, promissory note or related loan documents, and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   June 27, 2017

By: /s/ Matteo S. Weiner, Esquire
Matteo S. Weiner, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734
Attorney for Movant

Date: July 18, 2017

Roger V. Ashodian, Esquire
Attorney for Debtor

**ORDER**

Approved by the Court this 21st day of July, 2017. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Eric L. Frank

*without prejudice to any trustee rights or remedies

**NO OBJECTION**

7/20/17 - LeRoy E. Etheridge for

William C. Miller, Trustee
LeRoy Wm. Etheridge, Esq.
1234 Market Street - Ste #1813
Philadelphia, PA. 19107